IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Case No. 10-cr-00270-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THEODORE GATEWOOD,

    Defendant.

## ORDER CONCERNING COMPETENCY

This matter has come before the Court to address the issue of the defendant's competency to proceed in this criminal prosecution.

On August 18, 2010, the Court found the defendant incompetent to proceed and remanded him to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1). On January 4, 2011, the Warden of the Bureau of Prisons Federal Medical Center at Butner, North Carolina filed a "Certificate of Restoration of Competency to Stand Trial" relating to the defendant in this case. In concluding that the defendant was ready to be returned to the Court for resolution of his legal case, the staff psychiatrist at the Federal Medical Center observed that the defendant required monitoring by a qualified psychiatrist for medication management.

On January 21, 2011, the Court held a further hearing concerning the defendant's competency to proceed. At that hearing, defedant's counsel again raised the issue of the defendant's competency to proceed. Because of observations made by defendant's counsel and upon his request, the Court ordered a second psychiatric evaluation to address the defendant's

competency to proceed.

At the hearing on March 11, 2011, the second report concerning the defendant's competency authored by Dr. Jonathan A. Olin, M.D., was offered by stipulation of the parties. Dr. Olin's opinion stated in his report was that the defendant presently suffers from a mental disease or defect that significantly impairs his ability to understand the nature and proceedings against him and his abiliy to properly assist his defense counsel and participate in his defense. Defendant's counsel also represented to the Court that his observations of the defendant caused him to form the same opinion as Dr. Olin.

Dr. Olin concluded that the defendant's condition had appeared to deteriorate from that which was described by the treating physicians at the Federal Medical Center. Dr. Olin opined that it would be appropriate for the defendant to be admitted to a medical center for more intensive treatment of his psychiatric conditions.

Dr. Olin concluded that the defendant appeared to understand concrete items regarding the legal system. He understood the roles of the litigants and the Court. It would appear that the defendant, in the opinion of Dr. Olin, has an overall reasonable appreciation of the charges which he is facing. It is the chronic paranoid schizophrenia and various delusions that interfere with his ability to properly assist his attorney and participate in his defense.

Based upon the foregoing, the Court finds that there is a substantial probability that the defendant will attain the capacity to permit the proceedings to go forward, but that the defendant is presently suffering from a mental disease rendering him unable to assist properly in his defense. The Court

**ORDERS** that pursuant to 18 U.S.C. § 4241(d)(2)(A), the defendant is again committed

to the custody of the Attorney General for hospitalization for treatment at a suitable medical facility.  It is

**FURTHER ORDERED** that this hospitalization shall be for a reasonable time not to exceed four months.  It is

**FURTHER ORDERED** that the Warden of the medical facility shall report to this Court within this additional period of time the mental condition of the defendant and whether he has attained the capacity to permit the proceedings to go forward.

DATED this 3rd day of March, 2011.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge